IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.                                                                    CASE NO.  4:03-CR-070-SPM

**CHRISTINE JOHNSON-BALCOM,**

    **Defendant.**
_____/

**ORDER DENYING MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE**

**THIS CAUSE** comes before the Court upon the "Defendant's Motion for Early Termination Of Supervised Release" (doc. 40) filed August 3, 2006.  In the motion, Defendant notes her probation officer's statement that Defendant has complied with all conditions of her supervision, and also notes that while she has paid the entire $20,000 in restitution, she still owes $490.73 in interest.

18 U.S.C. § 3583(e) permits a court to terminate probation early based upon factors considered in § 3553(a)–the very same factors utilized in imposing sentence.[1]  First, there is general agreement that "early termination . . . is a

---

[1] Factors to consider are:
(a) (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed -

decision entrusted to the sound discretion of the District Court and is warranted only in cases where the defendant demonstrates changed circumstances, such as exceptionally good behavior." United States v. Caruso, 241 F. Supp. 2d 466, 468 (D.N.J. 2003)(*citing* United States v. Atkin, 38 Fed. Appx, 196 (6th Cir. 2002)(citing United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997))).

Second, most courts addressing the issue have held that "compliance with the terms of supervised release and with the law alone are not enough to warrant early termination." Paterno, 2002 WL 1065682, at *2 (*citing* United States v. Hardesty, 2002 WL 731705 (D.Kan. Apr. 2, 2002)). In this case, Defendant has served approximately half of her three-year term of supervised release. Although she has complied with all terms of her release and made full restitution in the amount of $20,000.00, she still owes almost $500 in interest. While making full

---

(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for-
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victim of the offense.

restitution is commendable, "that is ultimately what is expected of h[er]."  <u>United States v. Herrera</u>, 1998 WL 684471, at *2 (S.D.N.Y. Sept. 30, 1998).  Defendant has not cited facts sufficient to warrant early termination of her supervised release.

Accordingly, it is

**ORDERED AND ADJUDGED** that the motion for early termination of supervised release (doc. 40) is hereby denied.

**DONE AND ORDERED** this <u>eighteenth</u> day of September, 2006.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge